UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TBG HOLDINGS CORPORATION,
NEIL B. SWARTZ, and
TIMOTHY S. HART,

Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission") alleges:

### I. INTRODUCTION

1. From 2018 through March 2020, TBG Holdings Corporation ("TBG") and its principals, Neil B. Swartz ("Swartz") and Timothy S. Hart ("Hart"), hired and directed a group of unregistered sales agents to solicit investors to purchase shares of the health management company MediXall Group, Inc. ("MediXall"), a microcap company. Some of the sales agents hired by Swartz and Hart had previously been suspended and/or permanently barred by financial industry self-regulatory organizations. During the relevant period, TBG and its sales agents advised investors about the merits of the investments, provided investors with offering materials, and raised approximately $3 million by selling MediXall stock to more than 200 investors.

2. Swartz and Hart directed and tracked the sales agents' investor solicitations and sales, and on behalf of TBG, collectively paid the sales agents more than $500,000 in transaction-based compensation. They also assisted TBG and its sales agents in their solicitation efforts by

engaging with investors via telephone, email, and postal services, sending out press releases, and offering materials. At no point during the relevant period were TBG and any of the sales agents registered with the Commission as brokers or associated with a registered broker-dealer.

3. By engaging in this conduct, TBG and its sales agents violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)] and Swartz and Hart, aided and abetted TBG's and the sales agents' Section 15(a)(1) violations. The Commission seeks an injunction against TBG, Swartz, and Hart from future violations of this provision, a penny stock bar, and a civil money penalty.

## II.  DEFENDANTS

4. TBG is a Florida corporation with its principal place of business in Fort Lauderdale, Florida. During the relevant period, TBG purported to be a venture capital firm. TBG claims to assist companies, including MediXall, with their capital raising efforts. TBG is not registered with the Commission as a broker-dealer or in any other capacity.

5. Swartz, 60, resides in Boca Raton, Florida. Swartz is the President of TBG and was Chief Executive Officer of MediXall during the relevant period. Swartz previously held a Series 7 license and was associated with a broker-dealer firm from 2003 to 2004. In December 2011, the Pennsylvania Department of Banking and Securities issued a cease and desist order against Swartz for offering unregistered securities to investors. During the relevant period, Swartz was not associated with any entity registered with the Commission.

6. Hart, 64, resides in Plantation, Florida. Hart is the Secretary and Treasurer of TBG and Chief Financial Officer of MediXall. Hart previously held multiple securities licenses, including the Series 7, 24, 55, and 63, licenses and was associated with a broker-dealer firm from 2001 to 2002. Hart is a Florida licensed CPA. In 1994, the Commission suspended Hart from

appearing or practicing before the Commission as an independent accountant for 11 months. During the relevant period, Hart was not associated with any entity registered with the Commission.

### III.  OTHER RELEVANT ENTITY

7. MediXall, is a Nevada corporation with its principal place of business in Fort Lauderdale, Florida. MediXall's common stock is quoted on the OTC Markets Group, Inc. under the ticker symbol MDXL. During the relevant period, MediXall's securities qualified as a "penny stock" because they did not meet any of the exceptions from the definition of a "penny stock," as defined by Section 3(a)(51) of the Exchange Act and Rule 3a51-1 thereunder.

### IV.  JURISDICTION

8. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e) and 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa(a)].

9. This Court has personal jurisdiction over TBG, Swartz, and Hart and venue is proper in the Southern District of Florida because most of the acts, practices, transactions and courses of business alleged in this Complaint occurred within the Southern District of Florida. These transactions include TBG principals, Swartz and Hart, communicating with investors through telephone, email, and postal services to send offering materials, overseeing and tracking sales agents' activities, and paying sales agents transaction-based compensation for soliciting investors nationwide.

10. In connection with the conduct alleged in this Complaint, TBG, Swartz, and Hart directly or indirectly, singly or in concert with others, made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, and of the mails.

## V. FACTUAL ALLEGATIONS

### A. The MediXall Offering

11. During the relevant time period, TBG held itself out to the public as a "Venture Capital Firm for the Masses" that purportedly identified investment opportunities to accredited investors at a discount. TBG assisted MediXall with its capital raising efforts by selling its securities to investors.

12. From at least 2018 through 2020, Swartz and Hart hired and directed TBG's sales agents to solicit investors nationwide to purchase shares of MediXall stock. Swartz and Hart provided sales agents with the information and support to solicit investors to purchase unregistered shares of MediXall stock. This included providing sales agents with sales materials, sales pitches, and sending press releases, subscription agreements, and other offering materials to investors.

13. TBG sales agents often worked in tandem as "fronters" and "closers." Fronters used lead lists to contact investors to introduce TBG and MediXall, and to get investors to opt-in to receive MediXall press releases and marketing materials. Closers followed up with these investors to advise investors about the merits of MediXall securities, and to sell them shares of MediXall stock.

14. For example, the sales agents stated they were recommending the purchase of MediXall securities as good investments and the shares were being offered at a discount to the market price quoted on OTC Markets, and described the opportunity as a time-sensitive offer. The sales agents would also often talk to investors about MediXall's share price and potential, including the potential to uplist to NASDAQ.

### B. TBG and its Sales Agents Acted as Unregistered Brokers or Dealers in Violation of Section 15(a) of the Exchange Act

15. During the relevant period, TBG and its sales agents violated Section 15(a) by acting as unregistered brokers when they held themselves out as financial professionals, actively solicited investments in MediXall through telephone calls and emails, provided investors with private placement memoranda and other offering materials, advised investors on the merits of the investments, and received transaction-based compensation in the form of commissions for their efforts.

### C. Swartz and Hart Aided and Abetted TBG's and Sales Agents' Violations of Section 15(a) of the Exchange Act

16. Swartz and Hart directed and assisted unregistered sales agents in their efforts to solicit investors to purchase MediXall securities. During the relevant period, Swartz and Hart purchased and provided sales agents with lead lists to contact prospective investors. Moreover, Swartz directed and approved sales materials and pitches used by sales agents to recommend MediXall securities to investors.

17. For the relevant time period, the sales agents and other TBG employees maintained spreadsheets that tracked the sales agents' solicitations and sales activity, investor proceeds, and included their "bonuses" for certain months. The "bonus" amounts showed the sale agent(s) responsible for the investment, splitting between 10% and 14% of investor proceeds. Swartz and Hart used sales activity to determine transaction-based compensation they paid to TBG sales agents.

18. In total, Swartz and Hart, on behalf of TBG, paid sales agents $500,000 in transaction-based compensation, in the form of bonuses, earned as a result of raising approximately $3 million from more than 200 investors nationwide. Both Swartz and Hart knew or were reckless in not knowing the sales agents they hired to sell MediXall securities to investors were neither registered broker-dealers nor associated with a registered broker-dealer, and that some of these sales agents had previously been suspended and/or permanently barred by financial industry self-regulatory organizations.

## CLAIMS FOR RELIEF

## COUNT I

### Violations of Section 15(a)(1) of the Exchange Act
### (Against TBG)

19. The Commission repeats and re-alleges Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. From 2018 through March 2020, TBG and its sales agents, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce effected transactions in, or induced or attempted to induce the purchase or sale of securities, while not registered with the Commission as a broker or dealer or not associated with an entity registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

21. By reason of the foregoing, TBG violated, and unless enjoined is reasonably likely to continue to violate, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## COUNT II

### Aiding and Abetting TBG's and Sales Agents' Violations of
### Section 15(a)(1) of the Exchange Act
### (Against Swartz and Hart)

22.     The Commission repeats and re-alleges Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

23.     TBG and its sales agents directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce effected transactions in, or induced or attempted to induce the purchase or sale of securities, while they were not registered with the Commission as a broker or dealer or not associated with an entity registered with the Commission as a broker-dealer.

24.     Swartz and Hart knowingly or recklessly provided substantial assistance to TBG and its sales agents in their violations of Section 15(a)(1) of the Exchange Act.

25.     By engaging in the conduct alleged herein, Swartz and Hart aided and abetted, and unless enjoined, are reasonably likely to continue to aid and abet, violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests the Court find TBG, Swartz, and Hart committed the violations alleged, and:

### A.

### Permanent Injunctive Relief

Issue a permanent injunction enjoining TBG, Swartz, and Hart from violating Section 15(a)(1) of the Exchange Act.

B.

**Penny Stock Bar**

Issue an Order barring TBG, Swartz, and Hart from participating in any offering of a penny stock, pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

C.

**Civil Money Penalties**

Issue an Order directing TBG, Swartz, and Hart to pay a civil money penalty pursuant to Section 21(d) of the Exchange Act.

D.

**Further Relief**

Grant such other and further relief as may be necessary and appropriate.

E.

**Retention of Jurisdiction**

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

September 9, 2022

Respectfully submitted,

By: **s/ Christine Nestor**
Christine Nestor, Esq.
Senior Trial Counsel
Florida Bar No. 597211
Direct Dial: (305) 982-6367
Email: nestorc@sec.gov

                        **s/ Michael J. Gonzalez**
                        Michael J. Gonzalez, Esq.
                        Senior Counsel
                        Florida Bar No. 110598
                        Direct Dial:  (305) 982-6318
                        Email: gonzalezmi@sec.gov

                        **s/ Hughens Dolisca**
                        Hughens Dolisca, Esq.
                        Counsel
                        Florida Bar No. 99744
                        Direct Dial:  (305) 982-6344
                        Email: doliscah@sec.gov

                        **ATTORNEYS FOR PLAINTIFF**
                        **SECURITIES AND EXCHANGE**
                        **COMMISSION**
                        801 Brickell Avenue, Suite 1950
                        Miami, Florida 33131
                        Telephone: (305) 982-6300